**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BCCTC ASSOCIATES, INC., et al,<br>Plaintiffs,<br>v.<br>M. VINCENT MURPHY, III, et al,<br>Defendants. | Civil Action No. 1:09-cv-10908<br>Electronically Filed |

**DEFENDANTS' MEMORANDUM**
**IN SUPPORT OF MOTION TO DISMISS FOR LACK OF JURISDICTION**
**OR FORUM NON CONVENIENS**

Pursuant to L.R. 7.1(B)(1), defendants submit this Memorandum of Reasons in support of their Motion to Dismiss for lack of personal jurisdiction pursuant to F. R. Civ. Proc. 12(b)(2), or forum non conveniens..

BACKGROUND

Plaintiffs are the "investor" partners in a pair of Georgia limited partnerships known as Summerdale Partners, L.P. and Summerdale Partners II, L.P. (collectively referred to as "Summerdale Partners"). Summerdale Partners is the owner of a "tax credit" apartment complex located in Atlanta, Georgia, which was built in two phases (collectively referred to as the "Apartments").

Defendants Summerdale/AAHFI, L.P. and Summerdale/AAHFI, L.P., II (the "Summerdale Defendants") are the former General Partners of Summerdale Partners.

Defendants Murphy and Dressel are residents of Georgia who are alleged to be guarantors of certain obligations of the Summerdale Defendants.

Plaintiffs claim that the Summerdale Defendants breached certain obligations under the amended limited partnership agreements which are attached to the Complaint as Exhibits "A" and "D" (the "Partnership Agreements"). Plaintiffs claim that Murphy and Dressel are required to pay the obligations of the Summerdale Defendants, pursuant to certain limited guaranty agreements attached to the complaint as Exhibits "B" and "E" (the "Guarantees").

Plaintiffs allege that jurisdiction is proper in Massachusetts, based upon the "transacting business" provisions of the Massachusetts "Long Arm Statute", G.L. c. 223 § 3. However, no specific facts are alleged to support this allegation.

Defendants deny jurisdiction and their counsel has asked Plaintiffs' counsel to dismiss the case. Plaintiffs' counsel has declined to do so, and Defendants therefore bring this motion and ask the Court to dismiss the case.

## FACTS

Facts Shown By Pleadings Alone: The pleadings themselves establish that all significant contacts occurred in Georgia, and fail to show any relationship at all with the Commonwealth of Massachusetts.

The Complaint and Exhibits show that the Summerdale Defendants were created in 1995-6 as Georgia limited partnerships. The original members were 2745 Hapeville Road Partners, L.P. ("Hapeville"), as General Partner, and Don Dressel, as limited partner. Both were residents of Georgia. *Complaint at Exhibit "A", p. 1, and Ex. "D", p. 1.*

In 1996, Hapeville withdrew as the General Partner and was replaced by the Summerdale Defendants. In 1997, Dressel withdrew as limited partner and was replaced by Plaintiffs as

"investor" limited partners, with a 98.99% ownership interest. *Complaint at Ex. "A", pp. 1 and 25; Ex. "D", pp. 1 and 25.*

The specific purpose of the partnerships was to own and operate "tax credit" housing in Atlanta, Georgia and obtain tax credits for the investor partner, i.e., the Plaintiffs. *Complaint at Ex."A", p. 17; Ex. "D", p. 17.* The Apartments were located in Atlanta, Georgia and the partnership agreements were governed by the laws of the State of Georgia. *Complaint at Ex. "A", pp. 2 and 67; Ex. "D", pp.2 and 67.* The Guarantees are also governed by the law of Georgia and specifically designate Georgia as an agreed-upon forum. *Complaint at Ex. "B", p. 4; Ex. "E", p. 4.*

The Defendants signed the documents in the State of Georgia. *Complaint at Ex. "A", pp. 73-4; Ex. "D", pp. 73-4.*

<u>Facts shown by Affidavits:</u> The Affidavits of Dressel and Murphy, attached to the Defendants' Motion to Dismiss as Exhibits "A" and "B", further demonstrate that all significant contacts occurred in the State of Georgia, and no purposeful contacts occurred in Massachusetts.

All of the Defendants were residents of the State of Georgia at all times pertinent. The Partnership Agreements and the Guarantees were signed by the Defendants in Georgia, and expressly recite that they are governed by Georgia law. The Guarantees state that Defendants "consent" to jurisdiction in Georgia. The transaction was closed in Georgia at the offices of Defendants' counsel.

The Apartments themselves are located in Georgia, and are subject to supervision by the Georgia Department of Community Affairs. The principal member of the General Partner of the Summerdale Defendants is the Atlanta Housing Authority.

None of the Defendants have ever been physically present in the Commonwealth of Massachusetts with respect to the subject matter of this lawsuit. Plaintiffs, on the other hand, have been to Georgia and actively solicited business opportunities in Georgia. Plaintiffs met with Defendants in Georgia to discuss their proposed investment in the partnership venture. In addition, Plaintiffs have actively participated in management of Summerdale Partners, including negotiations with vendors, supervision of litigation in Georgia, and eventually causing it to file bankruptcy in the U.S. Bankruptcy Court in Georgia.

ARGUMENT

"In Massachusetts, a court may exercise personal jurisdiction over a foreign defendant if such jurisdiction is authorized by state statute or rule and its exercise does not offend due process. [citations omitted]." United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp. et. al., 960 F.2d 1080 (1st Cir. 1992). In the case at bar, the Plaintiffs apparently rely upon Section 3 of the Massachusetts Long Arm Statue, the "transacting business" clause.

The United case contains a very detailed analysis of the "transacting business" clause, first emphasizing that an "attenuated" connection with Massachusetts is not sufficient to establish jurisdiction. Donatelli v. National Hockey League, 893 F.2d 459 (1st Cir. 1990). Judge Selya then sets out a three-part test to determine whether the exercise of jurisdiction comports with Constitutional due process, as follows:

> "[W]e today suggest a tripartite test for the ascertainment of specific jurisdiction. First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's

> involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors [1], be reasonable." 960 F. 2d, at 1089.

As discussed below, Plaintiffs have not satisfied any of the requirements necessary to establish jurisdiction over these Defendants, and can not do so because there are insufficient contacts with Massachusetts.

1. Plaintiffs have not met their burden to establish jurisdiction. "It has long been the rule of this circuit . . . that plaintiffs may not rely on unsupported allegations in their pleadings to make a *prima facie* showing of personal jurisdiction." Boit v. Gar-Tec Products, Inc., 967 F.2d 671 (1st Cir. 1992). [2] Plaintiffs' unverified complaint merely alleges, in conclusory terms, that Defendants have "transacted business" in Massachusetts. However, Plaintiffs have not set forth a single substantive fact to support this allegation. For this reason alone, dismissal is required.

2. Plaintiffs can not satisfy the three-part test in United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp. Even assuming that Plaintiffs may attempt to submit additional facts, it is clear that the litigation does not "arise out of" any activities in Massachusetts. The Defendants' Affidavits show that the Plaintiffs came to trade shows in Georgia (and other states as well), and actively sought out investments in tax credit housing partnerships such as the Defendants'. To

---

[1] The Gestalt factors are as follows: (1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies.

[2] Where a district court elects to dispose of a Fed. R. Civ. P. 12 (b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the "prima facie" standard should govern the court's review. *See* Boit, 967 F.2d at 675; *Kowalski* v. *Doherty, Wallace, Pillsbury & Murphy*, 787 F.2d 7, 8 (1st Cir. 1986). Under this standard, it is plaintiff's burden to demonstrate the existence of "every fact required to satisfy 'both the forum's long-arm statute and the Due Process Clause of the Constitution.'" *Boit,* 967 F.2d at 675.

Defendant's knowledge, the Plaintiffs actively sought out the Defendants, in the State of Georgia, and not vice versa.

In addition, the Apartments are located in Georgia and all activities relating to the Partnership agreements, i.e., the operation of the Apartments, occurred in Georgia. The documents state that Georgia law governs and that Defendants "consent" to jurisdiction in Georgia. The project's eligibility for tax credit status it governed and supervised by the Georgia Department of Community Affairs. The transaction was closed in Georgia, at the offices of Defendants' counsel. Every aspect of this transaction "arises" out of Georgia, not Massachusetts.

So far as the Complaint discloses, the only possible connection with Massachusetts is the fact that the Plaintiffs are allegedly residents of the Commonwealth. However, Massachusetts residency, standing alone, is patently insufficient to establish jurisdiction. As stated in Phillips v. Prairie Eye Ctr., 530 F.3d 22, 28 (1st Cir. 2008); "(w)e have held, however, in a variety of contexts, that the defendant's awareness of the location of the plaintiff is not, on its own, enough to create personal jurisdiction over a defendant." See also, Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 135 (1st Cir. 2006), where the Court of Appeals affirmed the District Court's dismissal of a complaint for lack of jurisdiction, holding that the "mere fact that a plaintiff entered into a contract with a defendant in the forum state" is not sufficient to satisfy the "relatedness" test under 14th Amendment.

In the case at bar, Plaintiffs did not even enter into a "contract"; rather, the Plaintiffs came into Georgia and sought out the opportunity to invest in a "tax credit" partnership located in Georgia, with real property in Georgia. This was accomplished by an amendment to the partnership documents, and so far as the record discloses, the Defendants did not in any way seek out or even contemplate the benefits or burdens of Massachusetts law.

Nevertheless, Plaintiffs apparently intend to assert that the amendments to the partnership agreements were "negotiated" in Massachusetts. (It should be noted that Plaintiffs were not even parties to the *original* partnership agreements). However, Defendants are aware of no facts to show that the amendments were "negotiated" in Massachusetts, and it is Plaintiffs' burden to provide such facts. Boit v. Gar-Tec Products, Inc., *supra.*

Defendants are aware of no "facts" which Plaintiffs could submit to support a claim that the amendments were "negotiated" in Massachusetts. However, "[i]t is well-established that phone calls and letters [between attorneys] are not necessarily sufficient in themselves to establish minimum contacts." Platten v. HG Berm. Exempted Ltd. , *supra,* at p. 137. See also Nicholas v. Buchanan, 806 F.2d 305, 307-308 (1st Cir. 1986) (per curiam) (collecting cases). Nor is mere solicitation of business. Builder's Res., Inc. v. Coreslab Structures (Conn), Inc., 538 F. Supp. 2d 324 (D. Mass. 2008) (distribution of "glossy brochure" and sending of employees into Massachusetts held insufficient).

Second, Defendants did not "avail" themselves of the law of Massachusetts. As stated in United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., *supra,* at p. 1088:

> (I)t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. [citations omitted] (purposeful availment requirement assures that jurisdiction will not be based solely upon a defendant's "random, isolated, or fortuitous" contacts with the forum state).
>
> The Court has also introduced concepts of reasonableness and foreseeability into minimum contacts analysis, demanding that defendant's "conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there." (Citations omitted). This means that, even where purposefully generated contacts exist, courts must consider a panoply of other factors which bear upon the fairness of subjecting a nonresident to the authority of a foreign tribunal. (Citation omitted). We have termed these five criteria the "Gestalt factors."

All of the documents, and the Plaintiffs' own conduct, show clearly that the parties' relationship was intended to be governed by the law of Georgia, not Massachusetts. Plaintiffs expressly agreed to be bound by Georgia law. The Apartments' tax status is governed, and supervised, by the Georgia housing authority. Furthermore, Plaintiffs themselves (as General partner of Summerdale Partners) have repeatedly "availed" themselves of the law of Georgia, by managing the Apartments in accordance with Georgia landlord-tenant law; purchasing goods under the Georgia Uniform Commercial Code; and litigating with vendors in the courts of Georgia. Plaintiffs even caused the Summerdale Partners to file for bankruptcy in the Georgia courts.

Third, the Plaintiffs can not satisfy the "Gestalt factors", as (1) it would clearly be burdensome for defendants and witnesses to travel from Georgia to Massachusetts; (2) Massachusetts has more important things to do than referee a business dispute between a sophisticated Massachusetts plaintiff who actively sought an investment in Georgia real estate, and agreed to be bound by Georgia law; (3) the Plaintiffs are familiar with and have willingly traveled to Georgia and used the Georgia legal system and therefore can obtain convenient and effective relief in Georgia, (4) the most effective resolution of the controversy will be in the state whose law was selected by the parties themselves, and where the witnesses and documents and the real estate are located, and (5) the Courts of Georgia have a clear interest in resolving a dispute regarding the operation of "tax credit" developments which are occupied by residents of the State of Georgia, whereas Massachusetts has no such interest. <u>United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp. et. al.</u>, 987 F. 2d 39, 46 (1st Cir. 1993).

3. <u>It would violate fundamental due process to exercise jurisdiction over the Defendants in Massachusetts.</u> Even assuming the existence of jurisdiction under the Massachusetts Long

Arm statute, Plaintiffs must still establish that jurisdiction is consistent with the due process clause of the U.S. Constitution. Platten v. HG Berm. Exempted Ltd, *supra*, at p. 135. In order to satisfy this Constitutional requirement, a defendant must have sufficient minimum contacts with the forum state "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe v. Washington, 326 U.S. 310, 316 (1945). "The due process clause of the Constitution requires that two conditions be met before an out-of-state defendant can be brought into a forum in the state. First, "the defendant must have purposely established 'minimum contacts' with the forum such that he can reasonably anticipate being haled into that forum's court." [citation omitted] "Second, if such contacts exist, the exercise of personal jurisdiction over the defendant must comport with 'fair play and substantial justice.'" Boit v. Gar-Tec Products, Inc., *supra*, at p. 679.

In the case at bar, it can not possibly be contended that Defendants ever anticipated being "haled" into the Courts of Massachusetts, because they expressly rejected Massachusetts choice of law and forum clauses, and chose Georgia law instead. All pertinent contacts, witnesses, and the property itself are located in Georgia. Plaintiffs themselves came into Georgia and actively sought to receive millions of dollars in tax credits administered by a Georgia limited partnership and governed by a Georgia housing authority. On the other hand, Defendants never set foot in Massachusetts, and neither sought, nor expected, anything from the Massachusetts legal system.

Finally, the selection of Massachusetts would not comport with fair play, because Defendants did not physically appear, or engage in, any "purposeful conduct" in Massachusetts, as contemplated by the "Gestalt factors" discussed above.

4. Forum Non Conveniens. Assuming that jurisdiction is appropriate, Defendants seek dismissal under the doctrine of forum non conveniens. This Court discussed the principles of forum non conveniens in Boudreau v. Scitex Corp., 1992 U.S. Dist. LEXIS 9629 , as follows:

> [The] cases identify two requirements which must be satisfied in order for a defendant to prevail in a motion to dismiss based on the doctrine of forum non conveniens: (1) an alternative forum must be able to assert jurisdiction and (2) trial in the chosen forum must be oppressive and vexatious to either the defendant or the judicial system. The overarching principle which must guide this analysis, however, is the Supreme Court's declaration that "the plaintiff's choice of forum should rarely be disturbed.
>
> In order to demonstrate the existence of an alternative forum, the defendant bears the burden of proving that: "(1) all parties can come within that forum's jurisdiction, and (2) the parties will not be deprived of all remedies or treated unfairly." (Citations omitted).

In the instant case, it is clear that Plaintiffs are subject to jurisdiction in Georgia; the plaintiffs agreed to apply Georgia law; and Georgia is therefore an “alternative [if not primary] forum.

Judicial efficiency and convenience strongly weighs in favor of litigating the case in the alternative forum. Defendants "must establish that the private and public interests weigh heavily on the side of trial in the foreign forum." *Id.* The Supreme Court has identified numerous private and public interest factors which ought be weighed in the equation. *Id.* The private interest factors include: relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; . . . all other practical problems that make trial of a case easy, expeditious and inexpensive [and] questions as to the enforceability of a judgment if one is obtained.” *Id.*

“The public interest factors include: the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the

action; the avoidance of unnecessary problems in conflict of laws, or in application of foreign laws; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.*

It is very clear that the "public interest factors" weigh in favor of Georgia, because the Apartments themselves, the applicable books and records, and all pertinent witnesses reside in Georgia. Perhaps more importantly, the present and future tenants of the Apartments, as well as the Georgia housing authority, all have an interest in the viability and continued operation of the Apartments; whereas the citizens of Massachusetts have no interest whatsoever.

Although Massachusetts certainly has an interest in protecting its citizens, the same is true of every State. It is respectfully submitted, however, that the Commonwealth of Massachusetts should be less concerned with resolution of a claim by a group of very sophisticated business citizens, with access to ample legal counsel, who have knowingly agreed to invest in property in another State, and to be governed by the laws of such State in the course of the transaction. The citizens of Massachusetts should not be burdened with resolving such disputes. Nor should the Massachusetts judiciary be burdened with ascertaining and interpreting the laws of a foreign State when it is surely busy enough with its own.

## CONCLUSION

On the face of the pleadings, Defendants are entitled to dismissal because Defendants signed the agreements in Georgia; the parties agreed to be governed by Georgia law; and there are no facts whatsoever to support jurisdiction in Massachusetts. Even assuming that Plaintiffs reside in Massachusetts, or conducted telephone conferences in Massachusetts, such facts are not sufficient to establish jurisdiction, or to overcome the doctrine of forum non conveniens.

Should Plaintiffs supplement the record, Defendants will seek permission to file a Reply Brief and/or engage in jurisdictional discovery, as may be appropriate.

Respectfully submitted, this 8th day of June, 2009.

Defendants M. Vincent Murphy, III, et al.
*Appearing Specially and Not Generally*
Respectfully submitted:

_William D. Chapman___

William D. Chapman, BBO 551261
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
617 523 6200 (tel)
617 623 8130 (fax)
wchapman@melicklaw.com

June 8, 2009

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system on this date, will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to any parties which may be indicated as non-registered participants.

Defendants M. Vincent Murphy, III, et al.
*Appearing Specially and Not Generally*
Respectfully submitted:

_William D. Chapman___

William D. Chapman, BBO 551261
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109
617 523 6200 (tel)
617 623 8130 (fax)
wchapman@melicklaw.com

June 8, 2009